08-3410-pr
Arriaga v. Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:
>WILFRED FEINBERG,
>ROBERT A. KATZMANN,
>PETER W. HALL,
>>*Circuit Judges.*

---

Anthony Arriaga*,*
>*Plaintiff-Appellant,*

-v.- 08-3410-pr

Department of Corrections, Warden of A.M.D.C., City of New York,
>*Defendants-Appellees.*

---

FOR APPELLANT: Anthony Arriaga, *pro se*, Wallkill, N.Y.

FOR APPELLEES: Michael A. Cardozo, Corporation Counsel for the City of New York, Sharyn Michele Rootenberg, Assistant Corporation Counsel, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Anthony Arriaga, *pro se*, appeals from the May 27, 2008 judgment of the United States District Court for the Southern District of New York (Castel, *J.*) granting summary judgment to the defendants and dismissing Arriaga's 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews an order granting summary judgment *de novo* and focuses on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). Discovery rulings and the denial of a motion for leave to amend the complaint are reviewed for abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008) (discovery); *Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996) (amendment).

After having reviewed Arriaga's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion. Additionally, we note that Arriaga's contention that he was assaulted due to his security risk group status is belied by his deposition testimony, in which he stated that he did not know why the other inmate assaulted him or if the other inmate was a member of a gang. Moreover, Arriaga presented no evidence in support of his claims. *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (in order to defeat summary judgment the "non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard

2

evidence showing that its version of the events is not wholly fanciful").

We have considered all of Arriaga's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk